The Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAMIE BAZZELL and CARISSA ALIOTO, individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>BODY CONTOUR CENTERS, LLC, d/b/a SONO BELLO,<br><br>    Defendant. | CASE NO. 2:16-cv-00202 JLR<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION<br><br>Noted for Consideration: May 6, 2016 |

## I. INTRODUCTION

Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice under 29 U.S.C. § 216(B) ("Motion"), should be denied, at least in part, on the basis that Plaintiffs describe a class of "patient care consultants" that includes individuals who are not employed by the defendant, Body Contour Centers, LLC ("BCC"). Such employees are not "similarly situated" with the named Plaintiffs, first and foremost, because they have different employers. Also, the proposed Plaintiff Consent Form is misleading insofar as it refers to "Sono Bello, Body Contour Centers, LLC, *and any other related entities or affiliates ('Defendants')*," because the only defendant in this case is Body Contour Centers, LLC. Plaintiffs' proposed Notice of Lawsuit perpetuates the erroneous description of the employer/defendant in this case as "Sono Bello." If a class were to be certified, the Plaintiff Consent Form and Notice would need to be

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 1
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

revised to reflect accurately the identity of the defendant/employer, BCC. Finally, equitable tolling of the limitations period is not warranted.[1]

## II. STATEMENT OF FACTS

Plaintiffs have made an underlying and erroneous assumption in how they have attempted to define the class of employees they claim have been denied overtime: that "Sono Bello" and Body Contour Centers, LLC, which does business as "Sono Bello," are one in the same. They are not. "Sono Bello" is not a legal entity at all, but is a trade name – a brand. There is more than one entity that does business as "Sono Bello" and employs "patient care consultants," and only one of them, BCC, is a party to this suit.

Body Contour Centers, LLC, is a closely held, Washington State Limited Liability Company, pursuant to Ch. 25.15 RCW. Declaration of Christofer M. Par ("Par Dec."), ¶ 2. Its corporate headquarters are in Kirkland, Washington. *Id.* BCC has no parent organization, and no corporation, publicly held or otherwise, owns 10% or more of its units. *Id.* at ¶ 2 and Ex. 1. BCC currently has 12 members. *Id.* BCC's majority owner and Manager is Chris Par. *Id.* Mr. Par is not and never has been licensed to practice medicine; he does not practice medicine and never has. *Id.* at ¶ 5.

BCC holds rights to the trade name, "Sono Bello." Par Dec., ¶ 4. BCC licenses that name, or brand, to other companies to do business as "Sono Bello." Pursuant to a Management and Services Agreement ("MSA"), BCC is contracted by Aesthetics Physicians, P.C., an Arizona professional corporation ("Medical Group"), to provide all management and support services necessary and appropriate for the Medical Group's provision of professional services (i.e., elective, cosmetic, surgical and non-surgical procedures) in various locations leased and managed by BCC. *Id.* at ¶6. The Medical Group is licensed under the MSA to use "Sono Bello" as its practice name. *Id.*

---

[1] Also, Plaintiffs' Motion does not comply with the Local Rules. It is 16 pages long, four pages over the limit set forth under LCR 7(e)(2), was not properly noted for consideration under LCR 7(d)(3), and is not signed by local counsel.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 2
CASE NO. 2:16-CV-00202-JLR
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Under the MSA, BCC is responsible to provide the Medical Group with all non-professional (i.e., non-medical) services, including management, administration, facilities, and support services. Support services include marketing. *Id.* at ¶ 7. BCC facilities where procedures are performed are located in Bellevue and Tacoma, Washington; Beverly Hills, Sacramento, and San Diego, California; Chicago, Illinois; Cincinnati and Cleveland, Ohio; Edina, Minnesota; Greenwood, Colorado; Houston, Texas; Overland Park, Kansas; Portland, Oregon; Salt Lake City, Utah; Scottsdale, Arizona; and St. Louis, Missouri (16 locations, not including BCC's corporate headquarters).[2] *Id.* at ¶ 9.

Under the MSA, BCC does not engage in the practice of medicine and is not responsible for the Medical Group's provision of medical services.

> 4.3 <u>Practice of Medicine/Supervision</u>. At all times during the Term, each Physician and Professional retained by Medical Services to provide Professional Services shall be duly licensed in god standing and authorized practice within their respective scope of licensure in the state in which the Premises are located. Each such Physician and Professional shall provide medical or other licensed services for the Practice at the Premises in accordance with the professional medical standards of local community. Medical Group shall require each Physician and Professional providing such Professional Services be responsible to ensure that all Professional Services conducted at the Practice are conducted in compliance with applicable laws and regulations pertaining to the Practice and the practice of medicine. At all times during the Term, there will be no revocation, restriction, voluntary relinquishment under threat of revocation, probation or sanction imposed with respect to any license, permit or authority issued to any Physician or Professional providing Professional Services at the Premises by any state or federal agency; and no any Physician or Professional providing Professional Services shall be suspended, placed on probation, excluded, delisted or prohibited from participating in any licensure, payment or reimbursement program or unable to practice at the Premises.

*Id.* at ¶ 10.

BCC is not responsible for employment decisions regarding the professional staff of the Medical Group, and the Medical Group is not responsible for employment decisions regarding the non-professional staff of BCC. *Id.* at ¶ 8.

---

[2] In their Motion, Plaintiffs' claim that the named plaintiffs and the five opt-in plaintiffs worked in Arizona, California, Florida, Illinois, Kentucky, Minnesota, Ohio, and Texas. The declarations they site do not support this contention, and it is mistaken. BCC does not have facilities in Florida or Kentucky.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 3
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Patient care consultants are "non-professional," that is non-medical, employees of BCC, and they meet with potential patients and market the Medical Group's professional services, which include tumescent liposuction, laser lipolysis, and VelashapeTM contouring.[3] *Id.* at ¶ 11. The job duties of the patient care consultants are primarily defined in position descriptions. *Id.* at ¶ 12 and Ex. 2; *also see, e.g.*, Plaintiffs' Motion, Ex. 2. Appointments are scheduled throughout the day at BCC facilities, and during these appointments, patient care consultants try to ascertain from potential patients what their needs are, advise patients about available procedures, screen patients for suitability to undergo certain procedures based on a set of criteria established by the Medical Group, advise about the various risks and benefits associated with the procedures, discuss financing options with the patient, provide the patient with intake forms and explain such forms, and arrange for after-care and transportation, among other consultative services. Par Dec., ¶ 13. Patient care consultants usually perform these job duties from within BCC's facilities, however, some consultants are required to travel to different clinics to perform these job duties. So-called "traveling" patient care consultants do not work out of a specific location, and for administrative purposes, are assigned to the corporate office in Kirkland. *Id.* at ¶ 14.

All patient care consultants employed by BCC are paid a base salary of about $50,000 per year, plus a bonus amount that is based on sales. Over the course of a year, if a patient care consultant is meeting performance expectations, her bonus will far exceed her base salary. Thus, patient care consultants typically make well over $100,000 per year – those who do not are not performing in a satisfactory manner, and they either quit, or failing improvement, are let go. *Id.* at ¶ 15.

---

[3] While these duties do include selling purely elective cosmetic procedures, Plaintiffs erroneously characterize these as procedures and services *of Defendant*. Rather, these are professional services *of the Medical Group*, which is not a defendant in the case, and which does not employ Plaintiffs.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 4
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

III. ARGUMENT AND AUTHORITY

A. Plaintiffs' Motion should be denied because Plaintiffs, who worked for BCC, are not representative of and are not similarly situated with patient care consultants employed elsewhere.

Plaintiffs' Motion, like their complaint, alleges that the named and opt-in plaintiffs worked for the "defendant" in "Arizona, California, Florida, Illinois, Kentucky, Minnesota, Ohio, and Texas." Motion p. 3; Complaint, ¶ 9. They also claim in their complaint that the "defendant" has clinics in Colorado, Delaware, Georgia, Kansas, Massachusetts, Missouri, New Jersey, New York, Oregon, Pennsylvania, Utah, and Washington – 21 states in total. Complaint, ¶ 9. Plaintiffs are mistaken. BCC, the one and only defendant in this case, does **not** manage clinics in Florida, Delaware, Georgia, Massachusetts, New Jersey, New York, or Pennsylvania

BCC manages 16 clinics, in just 12 states: Bellevue and Tacoma, Washington; Beverly Hills, Sacramento, and San Diego, California; Chicago, Illinois; Cincinnati and Cleveland, Ohio; Edina, Minnesota; Greenwood, Colorado; Houston, Texas; Overland Park, Kansas; Portland, Oregon; Salt Lake City, Utah; Scottsdale, Arizona; and St. Louis, Missouri. Plaintiffs' confusion likely stems from the fact that there are licensees of the "Sono Bello" brand in each of these states, and that the "Sono Bello clinics have coordinate marketing. *See* www.sonobello.com.

Plaintiffs also confuse Aesthetic Physicians, which is also a licensee of the "Sono Bello" brand, for BCC, the defendant in this case. Plaintiffs' confusion in this regard is evident in their Motion, wherein they claim:

> According to its website, **Defendant** "is a national leader in laser liposuction and total body transformation." According to its website, **Defendant** "is a national leader in laser liposuction and total body transformation." **Defendant** provides a "team of highly skilled and trained physicians, [who] specialize in total body transformation, including body contouring and facial lifting." These physicians perform these procedures at any of Defendant's "30 locations nationwide."

Motion, p. 3 (citations omitted; emphasis supplied).

As a licensee of the name "Sono Bello," the Medical Group makes these claims; BCC, which is the one and only "defendant" in this case, makes no such claims. And while Plaintiffs correctly note that each "of Defendant's clinics is staffed with physicians, nurses," Plaintiffs

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 5
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

neglect to add that the professional (i.e., medical) staff at the various BCC clinics have a different employer, Aesthetic Physicians (referred to in the MSA as "the Medical Group"). While it is true that "Sono Bello Body Contour Centers," which is the d/b/a for the clinics managed by BCC under the MSA, employ physicians and other medical staff, BCC does not. BCC and "Sono Bello," or "Sono Bello Body Contour Centers" are **not** one in the same.

To the extent Plaintiffs are requesting a class comprised of "Sono Bello" patient care consultants who are not employed by BCC, their motion should be denied.

B.  <u>Plaintiffs' request to toll the limitations period should be denied, because they have not meet their burden of proving equitable tolling is warranted as to a single plaintiff.</u>

The limitations period for collective actions under the FLSA is two or three years (depending on whether the violation is determined to be "willful").  29 U.S.C. § 255(a). "Commencement" of an action tolls the limitations period. Under 29 U.S.C. § 216(b), in a collective action filed under the FLSA, the action "shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if [she] is specifically named as a party plaintiff in the complaint, or if [her] name did not so appear, on the subsequent date on which [her] name is added as a party plaintiff in such action."  In other words, for the unnamed, opt-in plaintiff; the limitations period is tolled when she files her consent.  Plaintiffs correctly note in their Motion, "Unlike Rule 23 class actions, the statute of limitations in FLSA collective actions continues to run on each individual's claim—reducing the amount in damages an individual could recover—until the individual files a consent form the [sic] with the Court."  Motion, pp.11-12.

There are good reasons that courts can exercise their equitable powers to toll a limitations period, but the fact that the limitations period continues to run on a putative plaintiff's claims in an FLSA collective action is not one of them.  Giving putative plaintiffs an additional amount of time to "opt-in" to a collective action, just for the sake of it, without the plaintiff having demonstrated any basis in law or equity to deviate from the limitations period set forth in the

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 6
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

FLSA is not warranted. In this regard, Plaintiffs' Motion is supported by just two district court cases out of Ohio, *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842 (S.D. Ohio 2013), and *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio 2007), and a district court case out of Colorado, *Stransky v. HealthONE of Denver, CO*, 868 F. Supp. 2d 1178 (D. Colo. 2013), none of which are even persuasive, much less binding authority.

Courts have recognized that under certain narrow circumstances, suitable tolling of the statute of limitations is justified. In order to justify tolling of the statute of limitations, a plaintiff must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or she must show that her injury was "inherently unknowable" at the accrual date. An example of the latter would be when the defendant delivers the wrong type of fruit tree to the plaintiff, and the wrong cannot be determined until the tree bears fruit. In this situation, the statute will not begin to run until plaintiff learns or reasonably should have learned of her cause of action. *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, *cert. denied*, 389 U.S. 971, 19 L. Ed. 2d 461, 88 S. Ct. 466 (1967). As the Court of Claims noted in *Japanese War Notes*, "ignorance of rights which should be known is not enough." *Id.* at 634. In fact, the policy considerations underlying statutes of limitations mandate that exceptions to them should rarely be created by courts. In *Braude v. United States*, 218 Ct. Cl. 270, 278, 585 F.2d 1049, the court observed:

> The very nature of statutes of limitations is that they deny a claim regardless of its merit. This often seems unfair. But it is the judgment of those vested with the authority to make our laws that such statutes are necessary in order to insure prompt handling of claims and to prevent actions from being withheld until such time that the memories of witnesses and other types of evidence have become obscured or unavailable by the passage of time. Furthermore, the policy considerations behind such statutes contemplate that ignorance of rights which should have been known is not enough to toll their running.

*Id.* (emphasis added).

The cases cited by Plaintiff do not persuasively address this equitable tolling standard. In *Struck*, which relied considerably on the preceding Ohio case, *Baden-Winterwood*, the court

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 7
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

considered the question of tolling four months after the initial certification of the class, during which time the plaintiffs and defendant were unable to reach agreement as to the content of the notice to the putative class members. The court correctly noted that "the commencement of a collective action under §216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in." Nonetheless, apparently frustrated at how long it was taking the parties to agree on the form of the notice, and ostensibly applying the doctrine of equitable tolling, which "permits courts to extend the statute of limitations *on a case-by-case basis* to prevent inequity," the *Struck* court extended the period for opt-in plaintiffs to file on account of the delay between the time the class was certified and the time the notice of the collective action was to be sent out. The *Struck* court correctly noted: (1) "a plaintiff bears the burden of demonstrating why he or she is entitled to equitably toll the statute of limitations *in a particular case*;" (2) "it is well-established that equitable tolling should be granted only *sparingly*;" (3) "courts should grant equitable tolling *only when* the circumstances of the case warrant equitable action;" and (4) "'equitable tolling applies *only when* a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"[4] 31 F. Supp. 2d at 846. But then the court undertook an analysis that did not consider a single actual litigant or her circumstances.

This application of equitable tolling as a matter of course, the court did in *Struck*, vitiates the clear mandate of congress that FLSA claims be brought within three years, and importantly, that the FLSA limitations period is not tolled unless or until a putative plaintiff opts in to the collective action. 29 U.S.C. §216. In all candor, the *Struck* court looked at the wrong question: the question is *not* whether a putative plaintiff has notice of the collective action lawsuit under the FLSA, but *whether she has actual knowledge of her FLSA claim*, and whether her own "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

---

[4] In the Ninth Circuit, equitable tolling is proper if, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 8
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

litigant's control." The *Struck* court's class-wide analysis and focus on the right to join a particular suit was misplaced. As another Ohio court stated very recently:

> It appears *Engel*, *Struck*, and *Baden II* were decided in the interest of judicial expediency rather than strictly adhering to the "case-by-case" approach set forth in *Truitt*.[5] In Atkinson, this Court followed Truitt and took the approach that "the doctrine of equitable tolling is an individualized inquiry, inappropriate for group consideration in the context of an FLSA collective action." Atkinson, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *9. For the foregoing reasons, the Court agrees with the rationale of Atkinson and DENIES Plaintiff's Motion for Equitable Tolling.

*Fenley v. Wood Grp. Mustang, Inc.*, 2016 U.S. Dist. LEXIS 34603, 31-32 (S.D. Ohio Mar. 17, 2016).

In this case, Plaintiffs ask for tolling from the date they filed the present Motion until 60 days after the Notice goes out, on the grounds it will "ensure Plaintiffs' claims are not prejudiced due to unforeseen delays." Motion, p. 16. Naturally, the question arises, "what specific prejudice and delays are Plaintiffs talking about?" Even before the Notice has gone out, Plaintiffs have been soliciting opt-in plaintiffs. They have presented no evidence that a single person's right to opt in or file her own suit for perceived FLSA violations has in anyway been abridged so as to warrant extension of the legislated three-year limitations period under equitable tolling principles. Essentially, Plaintiffs are asking this Court to toll the limitations period based on the erroneous assumption that notice of this suit, as opposed to notice of the putative plaintiff's claims, is the pertinent inquiry, and based on some hypothetical "prejudice." Here, Plaintiffs cannot meet their burden to prove equitable tolling should be applied, because there is not a single person who has adduced evidence that her failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond her control. There is no basis in law or fact to extend the limitations period merely on account of the inevitable time it takes for a court to conditionally certify a class of "similarly situated" employees.

---

[5] *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 9
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

C.   <u>Plaintiffs' request for a Court-approved notice should be denied, because the Notice and Plaintiff's Consent Forms proposed by Plaintiffs are misleading.</u>

BCC does not oppose, in principle, the sending of a Court-approved notice to patient care consultants (including travelling patient care consultants) BCC has employed since February 10, 2013 (three years prior to this suit being filed).[6]  However, Plaintiffs' proposed Notice and Plaintiff Consent Form, are inaccurate and misleading in the following regards:

- By shortening "Body Contour Centers, LLC, d/b/a Sono Bello" to "Sono Bello" in the first bulleted point, the Notice could mislead recipients into believing this suit concerns, in addition to or other than BCC, employers who do business as "Sono Bello" and who are not parties to this suit. "Body Contour Centers, LLC, d/b/a Sono Bello" either should not be shortened, or as in this response, shortened to "BCC."

- The Plaintiff Consent Form is also misleading insofar as it refers to "my current/former employer(s) Sono Bello, Body Contour Centers, LLC, ***and any other related entities or affiliates ('Defendants')***."[7]  The only employer/defendant in this case is Body Contour Centers, LLC.  No other entities have been joined. The first paragraph should be amended as follows: "I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* against my current/former employer, Body Contour Centers, LLC ("Defendant") to recover overtime pay."

D.   <u>Plaintiffs' request to email putative plaintiffs and post the Notice at BCC facilities should be denied because these methods are neither reliable nor necessary (in light of prejudice to BCC) modes of notice in this case.</u>

Plaintiffs' seek to notify putative plaintiffs by email and with postings in "conspicuous locations in all break/lunch rooms at its facilities," in addition to mailing the Notice to each patient care consultant's last known address. The scope of Plaintiffs' request is broader than necessary to provide actual notice and prejudices BCC.

---

[6] That is not to say that everyone employed during that period will have a claim, given the two-three years limitations period, but that is a question for another day.

[7] Already, Plaintiffs' imprecise description of the defendant as "Sono Bello, Body Contour Centers, LLC and any other related entities or affiliates" on the Plaintiff Consent Form, has led to the inclusion of at least one opt-in Plaintiff, Lauren Boyd, who was never employed by BCC.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 10
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

First, Plaintiffs' proposed email message, like the proposed Notice, erroneously refers to the defendant as "Sono Bello." This message is misleading as to the putative class and the identity of the employer. Even if the email notice only goes, at first, to patient care consultants employed by BCC (i.e., from the list BCC will supply Plaintiffs for mailing of the Notice), emails are easily forwarded and receipt of such notice by a "consultant" for a different "Sono Bello" employer, would be extremely misleading. Moreover, the email claims not to be a solicitation from an attorney, which is clearly contradicted by the fact that Plaintiffs' attorneys, not the court, would be the sending the email. The email is also misleading in that it claims "a collective action lawsuit may affect your rights." A putative plaintiff's rights are only affected by this lawsuit if she actually opts in. If an email is to go out at all, it should be modified as follows:

> A collective action lawsuit has been initiated in Washington State. You may be able to join the lawsuit if you worked as a patient care consultant or travelling patient care consultant for Body Contour Centers, LLC, d/b/a Sono Bello, after February 10 ,2013, at any of the following locations: Bellevue and Tacoma, Washington; Beverly Hills, Sacramento, and San Diego, California; Chicago, Illinois; Cincinnati and Cleveland, Ohio; Edina, Minnesota; Greenwood, Colorado; Houston, Texas; Overland Park, Kansas; Portland, Oregon; Salt Lake City, Utah; Scottsdale, Arizona; and St. Louis, Missouri. To learn more about this lawsuit please visit www.nka.com/[text of hyperlink].

Second, Plaintiffs further request posting of the Notice in lunch or break rooms at BCC managed-facilities. Such a posting would do more to disrupt the workplace and prejudice BCC than it would do to notify putative plaintiffs. As Plaintiffs concede in their Motion, each facility is staffed by medical personnel -- individuals who are not employed by BCC at all -- and usually, only one out of all a particular location's employees is a patient care consultant. Papering the walls with notice of this lawsuit, which alleges serious violations of the FLSA that have yet to be proven, serves only to diminish the Company in the eyes of other workers before the Company has had a chance to vindicate itself, and does very little to provide actual notice to BCC's current patient care consultants.
DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 11
CASE NO. 2:16-CV-00202-JLR
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion should be denied in its entirety, or at a minimum, the relief granted should be modified from what was requested, as provided above. In particular: (1) the scope of the class should be limited to patient care consultants (including travelling patient care consultants) employed by BCC since February 10, 2013, at the "Sono Bello" locations in Bellevue and Tacoma, Washington; Beverly Hills, Sacramento, and San Diego, California; Chicago, Illinois; Cincinnati and Cleveland, Ohio; Edina, Minnesota; Greenwood, Colorado; Houston, Texas; Overland Park, Kansas; Portland, Oregon; Salt Lake City, Utah; Scottsdale, Arizona; and St. Louis, Missouri; (2) under no circumstances should equitable tolling of the limitations period be permitted unless or until a plaintiff meets her individual burden of proving that tolling is warranted in her individual situation; (3) if certification is granted, the Notice and Plaintiff Consent Form should be modified as stated above; and (4) no email (or alternatively, just the above, revised email) or posting should be required.

DATED this 2nd day of May, 2016.

s/ *Tracy M. Miller*
s/ *Richard J. Omata*
Tracy M. Miller, WSBA #24281
Richard J. Omata, WSBA #7032
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Email: tmiller@karrtuttle.com
romata@karrtuttle.com
*Attorneys for Defendant, Body Contour Centers*

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 12
CASE NO. **2:16-CV-00202-JLR**
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# CERTIFICATE OF SERVICE

I, Julie Nesbitt, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Ave., Suite 3300, Seattle, WA 98104. On this day, I caused to be filed with United States District Court, Western District of Washington a true and correct copy of the DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION by using the Court's electronic filing system. I caused the same to be served on the parties listed below in the manner indicated.

| Local Counsel:<br>Beth E. Terrell<br>Terrell Marshall Law Group PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>bterrell@terrellmarshall.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
|---|---|
| Pro Hac Vice:<br>Paul J. Lukas<br>Brittany B. Skemp<br>Nichols Kaster, PLLP<br>4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55427<br>lukas@nka.com<br>bbachmanskemp@nka.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge. Executed on this 2nd day of May, 2016, at Seattle, Washington.

*s/Julie Nesbitt*
Assistant to Tracy M. Miller and Richard J. Omata

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION - 13
CASE NO. 2:16-CV-00202-JLR
#1038570 v1 / 42279-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100